**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| RIVER LAUREL GIFTS & BOUTIQUE, LLC and PAMELA ABBOTT,<br>Plaintiffs,<br>v.<br>TIFFANY MAILLET,<br>Defendant. | Civil Action No.<br>2:24-CV-203-RWS |

# **ORDER**

This case comes before the Court on Defendant Tiffany Maillet's Motion to Set Aside Default Judgment [Dkt. 31 – Def.'s Mot. to Set Aside Default J.]. Having reviewed the record, the Court enters the following Order.

## BACKGROUND

### I. Factual Background

This case arises out of several defamatory statements posted on TikTok. Plaintiff River Laurel is a Georgia limited liability company that operates as a boutique gift shop. [Dkt. 1 – Pls.' Compl., at ¶¶ 2, 6]. Plaintiff Pamela Abbott is a Georgia citizen and River Laurel's sole proprietor. [Id. at ¶ 3]. Defendant Tiffany Maillet is a Florida citizen who manages a TikTok account. [Id. at ¶¶ 8, 44].

On June 20, 2024, Defendant's mother, sisters, niece, and nephew entered River Laurel's gift shop. [Dkt. 1-4 – Ex. D, at 0:13–0:34]. While inside, Defendant's family and River Laurel's store clerk engaged in an altercation regarding broken merchandise. [Id. at 0:30–1:44]. Defendant heard about the incident from her family members. [Dkt. 13-1 – Def.'s Evid., at 1–2]. In fact, she has never visited River Laurel. [Dkt. 1-4, at 2:03–2:05].

Beginning on June 27, Defendant posted a series of TikToks detailing her family's side of the story. [Id.]. After these TikToks went viral, Plaintiffs began receiving negative comments and reviews on social media. [Dkt. 1, at ¶¶ 46–52]. Defendant also posted a Google review, falsely claiming to have been present at the gift shop when the incident occurred. [Dkt. 1-7 – Ex. G].

On July 1, River Laurel sent Defendant a cease-and-desist letter, demanding that Defendant remove the TikToks and refrain from speaking about the gift shop and its owner. [Dkt. 1-11 – Ex. K, at 2]. Defendant then filmed herself reading the letter aloud and posted it on TikTok on July 2. [Dkt. 1-12 – Ex. L]. She posted another TikTok on July 3 expressing concern for her safety because River Laurel sent the letter to her personal address. [Dkt. 1-13 – Ex. M, at 0:42–1:05].

Defendant allegedly receives income from the videos she posts on TikTok. [Dkt. 1, at ¶ 60]. On July 1, "Defendant posted another TikTok video stating that

her social media posts related to 'drama' resulted in personal financial gain in an excess of $1280 over the [previous] three day[s]." [Id.].

## II. Procedural History

On September 3, 2024, Plaintiffs filed their Complaint [Dkt. 1] in the Northern District of Georgia, seeking to recover for "substantial and permanent damage" caused by Defendant's false statements. [Id. at ¶ 111]. The Complaint alleges that Defendant committed defamation, defamation per se, tortious interference with business relations, and false light torts against Plaintiffs. [Id. at ¶¶ 73–110].

Defendant filed an informal response to the Complaint along with a collection of screenshots from social media feeds. [Dkt. 13]. The document lacked a caption pursuant to Federal Rule of Civil Procedure 10. See FED. R. CIV. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.").

On September 26, 2024, Plaintiffs filed a Motion for Clerk's Entry of Default as to Defendant. [Dkt. 14]. Consistent with Federal Rule of Civil Procedure 55(a), the Clerk entered default on September 27, 2024. On October 25, 2024, Defendant filed a Motion to Dismiss Plaintiffs' Complaint under Georgia's

Anti-SLAPP law. [Dkt. 18].[1] The Court noted that Defendant's Motion to Dismiss was untimely but nevertheless denied the Motion on its merits. [Dkt. 21].

Plaintiffs filed a Motion for Default Judgment against Defendant on all four of their original claims. [Dkt. 16]. On May 10, 2025, the Court granted in part the Plaintiffs' Motion for Default Judgment as to Defendant's liability for defamation, defamation per se, and tortious interference with business relations. [Dkt. 30].

On April 21, 2025, Defendant filed a Motion to Set Aside the Default Judgment ("Defendant's Motion"). [Dkt. 31]. In Defendant's Motion, she argues that default should be set aside because (1) the Court lacks personal jurisdiction over her; and in the alternative, (2) she responded in good faith to the Complaint. [Id. at 1–2]. Plaintiffs responded on May 1, 2025, arguing that (1) Defendant provides no justification for her failure to participate in the case; and (2) Defendant waived any personal jurisdiction challenge. [Dkt. 32 – Pls.' Resp., at 3–4]. Defendant did not file a reply. Accordingly, Defendant's Motion [Dkt. 31] is ripe for the Court's review.

[1] Defendant filed an Amended Motion to Dismiss on October 28, 2025, to correct a simple error. [Dkt. 19]. The substance of both Motions is the same. [Compare Dkt. 18 with Dkt. 19].

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010). A jurisdictional defect renders a judgment void under Rule 60(b)(4) only in "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Espinosa, 130 S. Ct. at 1377 (citations omitted); see Oakes v. Horizon Fin., S.A., 259 F.3d 1315, 1319 (11th Cir. 2001) ("[I]t is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)."). "Relief under Rule 60(b)(4) requires a total want of jurisdiction; only a clear usurpation of power renders a judgment void." Estate of Roig v. United Parcel Serv., Inc., 2023 WL 5321473, at *2 (11th Cir. Aug. 18, 2023) (citing Oakes, 259 F.3d at 1319).

"Unlike most motions for relief under Rule 60(b), which are 'addressed to the discretion of the court,' a motion under Rule 60(b)(4) does *not* present a 'question of discretion.'" A & F Bahamas LLC v. World Venture Grp., Inc., 796 F. App'x 657, 661 (11th Cir. 2020) (citation omitted). "A district court's failure to vacate a void judgment under Rule 60(b)(4) constitutes a '*per se* abuse of

discretion.'" Id. (quoting De Gazelle Grp., Inc. v. Tamaz Trading Est., 817 F.3d 747, 748 (11th Cir. 2016)).

## II. Analysis

Defendant argues that default judgment should be set aside for a lack of personal jurisdiction. [Dkt. 31, at 1]. Plaintiffs argue that Defendant's Motion is untimely because it was filed two weeks after the Court entered default judgment against Defendant. [Dkt. 32, at 4]. The Court **GRANTS** Defendant's Motion because (1) it is timely; and (2) no arguable basis existed for the Court's exercise of personal jurisdiction over Defendant when it entered default judgment.

### A. Defendant's Motion is timely because it was filed 14 days after judgment was entered.

Plaintiffs argue that Defendant's Motion should be dismissed as untimely because Defendant (1) waived any challenge to personal jurisdiction; and (2) filed the motion several months after the Clerk entered default. [Dkt. 32, at 4]. The Court disagrees because Defendant (1) never sufficiently participated in the litigation to waive her personal jurisdiction defense; and (2) filed her Motion 14 days after default judgment was entered against her.

**1. Defendant did not waive her right to challenge personal jurisdiction prior to filing her Motion.**

In their Response, Plaintiffs assert that Defendant waived her right to challenge personal jurisdiction. [Dkt. 32, at 3–4]. The Court disagrees because Defendant never met the conditions necessary to waive personal jurisdiction.

"An individual's defense for lack of personal jurisdiction may be waived if not asserted in a timely motion or in a responsive pleading." Baragona v. Kuwait & Gulf Link Transp. Co., 691 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009) aff'd 594 F.3d 852 (11th Cir. 2010). The Eleventh Circuit "ha[s] found that a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its first Rule 12 motion, other responsive pleading or general appearance." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1218 n.21 (11th Cir. 2009).

"A party does not, however, waive its defense for lack of personal jurisdiction simply by failing to appear and thus defaulting, even if the party received proper service of the action." Baragona, 691 F. Supp. 2d at 1360. After all, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Id. (citing Ins. Corp. of Ir., Ltd. .v Compagnie des Bauxites, 102 S. Ct. at 2105). "Rule 60(b)(4) permits a defendant who has been properly

served and who has notice of an action to default, risk default judgment, and move subsequently to void the judgment for lack of jurisdiction." Id. (citations omitted).

Here, Defendant did not file a responsive pleading or Rule 12 motion in response to Plaintiffs' Complaint. Rather, she filed an informal response that failed to comply with the Federal Rules of Civil Procedure. [See Dkt. 13].[2] Because that response was inadequate, Defendant was entered into default in September 2024. In October 2024—while still in default—Defendant filed a Motion to Dismiss and Amended Motion to Dismiss under Georgia's Anti-SLAPP law. [Dkt. 18; Dkt. 19]. Both Motions are less than one-page long and fail to address personal jurisdiction or any other Rule 12 defenses. [Dkt. 18; Dkt. 19].[3] Thus, the Court must determine whether Defendant's filings constitute a "general appearance" such that she waived any challenge to personal jurisdiction by failing to raise the defense prior to her

---

[2] Defendant's informal response does not give rise to any personal jurisdiction challenge. [See Dkt. 13].

[3] The Court highlights that these motions to dismiss do not constitute responsive pleadings such that filing them would automatically waive personal jurisdiction under Rule 12. "While it is true that the defense of lack of personal jurisdiction can be waived by filing a motion which does not raise the defense, . . . waiver is only accomplished if the defense is not asserted in the first motion made under Rule 12 or responsive pleading." Lane v. XYZ Venture Partners, 322 F. App'x 675, 678 (11th Cir. 2009). "Neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules." Chilivis v. S.E.C., 673 F.2d 1205, 1209 (11th Cir. 1982); see also FED. R. CIV. P. 7(a) (listing the seven acceptable "pleadings" and omitting motions to dismiss).

Rule 60(b)(4) Motion to Set Aside Default Judgment [Dkt. 31]. Oldfield, 558 F.3d at 1218 n.21.

"The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." Ins. Corp. of Ir., Ltd., 102 S. Ct. at 2105; see also Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." (citing Harris Corp. v. Nat'l Iranian Radio & Tele., 691 F.2d 1344, 1352 (11th Cir. 1982)). "A defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process." Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir. 2010) (citing Sanderford v. Prudential Ins. Co., 902 F.2d 897, 899 (11th Cir. 1990)).

While the Eleventh Circuit has not expressly denoted when a defendant's conduct constitutes an appearance sufficient to waive personal jurisdiction, courts have looked to whether the defendant has "engaged in . . . extensive discovery and motions practice . . . ." McCarthy v. Yamaha Motor Mfg. Corp., 994 F. Supp. 2d 1318, 1322 (N.D. Ga. 2014); see PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.), 260 F.3d 453, 459 (5th Cir. 2001) (emphasizing "the well-established rule

that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections" (citing Gen. Contracting & Trading Co., LLC v. Interpole, Inc., 940 F.2d 20, 23 (1st Cir. 1991))).

Here, the Court cannot conclude that Defendant's filing of a one-page motion to dismiss while in default constituted "extensive" motion practice sufficient for her to have impliedly submitted to the Court's jurisdiction.[4] Defendant has clearly taken a passive role in this litigation, as evidenced by her entry into default and the subsequent entry of default judgment. See Matthews v. Brookstone Stores, Inc., 431 F. Supp. 2d 1219, 1226 (S.D. Ala. 2015) (holding that defendant did not waive personal jurisdiction defense where defendant "was a largely passive player in [the] action"). In doing so, Defendant invoked her right to ignore the proceedings, risk default judgment, and later challenge the default judgment on personal jurisdiction grounds. See Baragona, 691 F. Supp. 2d at 1360.

In sum, the Court finds that Defendant never filed a Rule 12 motion, submitted a responsive pleading, or entered a general appearance. Accordingly, the Court concludes that Defendant never had the opportunity to waive her personal jurisdiction defense.

[4] The Court further notes Plaintiffs' emphasis that Defendant "fail[ed] to participate in the litigation." [Dkt. 32, at 4].

**2. Defendant's Motion is timely under Rule 60(b)(4).**

Alternatively, Plaintiffs argue that Defendant's Motion is untimely because "Defendant waited until April 21, 2025, two (2) weeks after the case was closed and over six (6) months after the Clerk entered default, to bring this motion." [Dkt. 32, at 4]. The Court disagrees because Defendant promptly challenged the Court's entry of default judgment.

"[A] motion to set aside a judgment for voidness pursuant to Federal Rule of Civil Procedure 60(b)(4) is not subject to a typical laches analysis." Stansell v. Revolutionary Armed Forces of Colom., 771 F.3d 713, 737 (11th Cir. 2014) (citing Hertz Corp. v. Alamo Rent–A–Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994)). Indeed, these motions "are subject to 'very generous timing considerations.'" A & F Bahamas LLC v. World Venture Grp., Inc., 796 F. App'x 657, 661 (11th Cir. 2020) (quoting Stansell, 771 F.3d at 738). However, "[i]t is manifestly not the case that a Rule 60(b)(4) motion can be raised at *any* time under *any* circumstances. Instead, . . . litigants are nonetheless required to diligently pursue their rights." Id.

Here, the Court cannot conclude that Defendant failed to diligently pursue her rights. She filed her Rule 60(b)(4) motion two weeks after the Court entered judgment against her. By contrast, the Eleventh Circuit generally finds Rule 60(b)(4) motions untimely after far longer delays. See id. (denying Rule 60(b)(4)

motion challenging personal jurisdiction that was filed more than two years after the district court entered judgment); Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc., 743 F. App'x 390, 392 (11th Cir. 2018) (denying similar motion filed nine years after judgment was entered); Stansell, 771 F.3d at 737 (denying similar motion filed nine months after judgment was entered). Accordingly, the Court holds that Defendant's Motion is timely and will consider it on the merits.

**B. No arguable basis existed for personal jurisdiction when the Court entered default judgment.**

In Defendant's Motion, she argues that default judgment should be set aside because the Court lacks personal jurisdiction. [Dkt. 31, at 1]. While Plaintiffs argue that Defendant waived this defense prior to filing her Motion, they fail to argue that the Court has personal jurisdiction over Defendant. [See Dkt. 32]. Because Plaintiffs have failed to provide an arguable basis for personal jurisdiction under Georgia's long-arm statute, the Court **GRANTS** Defendant's Motion [Dkt. 31].

"When a federal court sits in diversity, it properly may exercise personal jurisdiction over the defendant 'only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment.'" Glob. Payments Direct, Inc. v. Intelligent Payments, LLC, 2015 WL 13736621, at *1 (N.D. Ga. Mar. 6, 2015) (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999)). "First, courts must consider whether the exercise of personal

jurisdiction over the defendant would comport with Georgia's long-arm statute." Id. (citing Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009)). Second, courts must determine whether the defendant has sufficient minimum contacts with the forum state and if the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. Internet Sols. Corp., 557 F.3d at 1295–96.

"Though the defendant generally bears the burden of proof in a Rule 60(b)(4) motion, . . . it is well settled that 'where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present' . . . ." Saregama India, Ltd. v. Aiyer, 720 F. Supp. 3d 1306, 1310 (N.D. Ga. 2023) (citations omitted). "This is true even where, as here, the defendant defaults and subsequently challenges personal jurisdiction through a Rule 60(b)(4) motion to set aside default judgment." Id. (citation omitted); see also Baragona v. Kuwait & Gulf Link Transp. Co., 691 F. Supp. 2d 1351, 1358 (N.D. Ga. 2009), aff'd, 594 F.3d 852 (11th Cir. 2010); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging . . . sufficient facts to make out a

prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). In determining whether the plaintiffs have met their burden, a court "must draw all reasonable inferences arising from the proof and resolve all factual disputes in the plaintiff's favor." Saregama India, Ltd., 720 F. Supp. 3d at 1310 (citations omitted). "A prima facie case is established if the [p]laintiff presents enough evidence to withstand a motion for directed verdict." Id. (citation and quotation marks omitted).

Accordingly, the Court first considers whether Plaintiffs allege sufficient facts to provide an arguable basis for personal jurisdiction under Georgia's long-arm statute. Georgia's long-arm statute enables courts to exercise personal jurisdiction over a nonresident defendant who:

> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.C.G.A. § 9-10-91. "The statute 'must be read literally.'" Sanho Corp. v. KaiJet Tech. Int'l Ltd., Inc., 2020 WL 4346881, at *5 (N.D. Ga. July 29, 2020) (quoting Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1259

(11th Cir. 2010)). "When a federal court uses a state long-arm statute, . . . the federal court is required to construe it as would the state's supreme court." Diamond Crystal Brands, Inc., 593 F.3d at 1258. The Georgia Supreme Court has "explained the importance of giving independent meaning to the provisions of the long-arm statute" such that no prong renders another prong superfluous. Id. at 1262 (citing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 675–76 (2005)).

The Court now considers whether Plaintiffs have alleged sufficient facts to create an arguable basis for personal jurisdiction under any prong of Georgia's long-arm statute. The Court addresses each prong, in turn.

**1. Plaintiffs have not alleged facts sufficient to create an arguable basis that Defendant transacted business in Georgia.**

To satisfy prong one of Georgia's long-arm statute, Plaintiffs must allege facts supporting an arguable basis that Defendant "transacts any business" in Georgia. O.C.G.A. § 9-10-91(1). Here, Plaintiffs allege that Defendant "transacts business in the State of Georgia, including through the distribution of its content through the Internet." [Dkt. 1, at ¶ 14]. Because Defendant's TikToks and Google review did not constitute the transaction of business in Georgia, the Court disagrees.

"'Transacts any business' requires that the nonresident defendant has purposefully done some act or consummated some transaction in Georgia." Glob. Payments Direct, Inc. v. Intelligent Payments, LLC, 2015 WL 13736621, at *2 (N.D. Ga. Mar. 6, 2015) (quoting Diamond Crystal Brands, Inc., 593 F.3d at 1264). Therefore, prong one "applies to nonresidents who conduct 'any' business in Georgia, which means 'to any extent' or 'in any degree.'" United States v. Billion Int'l Trading, Inc., 2012 WL 1156356, at *3 (N.D. Ga. Apr. 5, 2012) (quoting Diamond Crystal Brands, Inc., 593 F.3d at 1264 n.18).

"[A] defendant need not physically enter the state" to satisfy prong one of the long-arm statute. Diamond Crystal Brands, Inc., 593 F.3d at 1264. Rather, a court "must consider" "a nonresident's mail, telephone calls, and other 'intangible' acts . . . occurring while the defendant is physically outside of Georgia." Id. (citing Innovative Clinical, 279 Ga. at 675–76); see also Paxton v. Citizens Bank & Tr. of W. Ga., 307 Ga. App. 112, 116 (2010) ("[I]t seems clear that Georgia 'allows the assertion of long-arm jurisdiction over [nonresident defendants based on] business conducted through postal, telephonic, and Internet contacts.'" (alternatives in original) (quoting ATCO Sign, etc. Co. v. Stamm Mfg., 298 Ga. App. 528, 534 (2009))). "Therefore, [courts] examine all of a nonresident's tangible and

intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." Id.

In cases involving intangible conduct via the internet, courts look to whether the internet activity targeted Georgia or generated any business from Georgia. Compare Jordan Outdoor Enters., Ltd. v. That 70's Store, LLC, 819 F. Supp. 2d 1338, 1343 (M.D. Ga. 2011) (holding that prong one was not satisfied where plaintiff merely alleged that "[d]efendants operated websites that are accessible everywhere and not specifically Georgia") with Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 523 (2006) (holding that plaintiff satisfied prong one by showing that "defendant operated an interactive website through which it has reached out to, and done business with, persons in Georgia") and Wish Atlanta, LLC v. Contextlogic, Inc., 2014 WL 5091795, at *3 (M.D. Ga. Oct. 9, 2014) (holding that defendant transacted business in Georgia where plaintiff alleged defendant generated over $500,000 from online sales to Georgia residents). With that in mind, the Court must consider whether Plaintiffs' allegations are sufficient to show that Defendant's TikTok's and Google review targeted Georgia or generated any business from Georgia.

First, Plaintiffs allege that Defendant's TikToks and Google review targeted River Laurel and Ms. Abbott through her defamatory statements. [See Dkt. 1, at ¶

16 ("Defendant directed its conduct at Plaintiffs, both of which are citizens of Georgia.")]. However, the conduct giving rise to the defamation itself cannot provide the basis for jurisdiction under prong one because prong two enables personal jurisdiction over a nonresident defendant who "[c]ommits a tortious act or omission within [Georgia],[5] *except as to a cause of action for defamation of character arising from the act*." O.C.G.A. § 9-10-91(2) (emphasis added). If a nonresident defendant's defamatory acts constituted a transaction of business in the defamed party's state, the Court would never have a reason to reach prong two, thus rendering prong two's second clause entirely superfluous. See Diamond Crystal Brands, Inc., 593 F.3d at 1262 (emphasizing "the importance of giving independent meaning to the provisions of the long-arm statute" such that no prong is rendered "superfluous").

Accordingly, Defendant's defamatory statements cannot constitute intangible conduct sufficient to establish personal jurisdiction under prong one because doing so would "turn the 'transacts any business within Georgia' prong into the new stepping stone around [prong two]." Diamond Crystal Brands, Inc.,

---

[5] Under Georgia law, defamation occurs "not where the allegedly defamatory statement was issued but rather where [the plaintiff] was injured, that is, its domicile." Donald J. Trump for President, Inc. v. CNN Broad., Inc., 500 F. Supp. 3d 1349, 1354 (N.D. Ga. 2020).

593 F.3d at 1262; see Ransom v. Cail, 2019 WL 7116104, at *2 (M.D. Ga. Dec. 23, 2019) ("The Georgia legislature has determined that the commission of acts solely related and giving rise to a defamation claim do not fall within the Georgia long-arm statute."). Defendant's defamatory conduct therefore cannot provide an arguable basis for personal jurisdiction under prong one.

Second, Plaintiffs allege that Defendant generated at least $1,280 in revenue from her TikTok videos. [See Dkt. 1, at ¶ 60 (alleging that Defendant was paid $1,280 for social media posts over a three-day period)]. However, Plaintiffs have not identified how this revenue was calculated or the entity responsible for its payment—much less shown that the revenue was generated from Georgia. Contrast Aero Toy Store, LLC, 279 Ga. App. at 523 (holding that defendant had transacted business in Georgia where "defendant operated an interactive website through which it has reached out to, and done business with, persons in Georgia"); Wish Atlanta, LLC, 2014 WL 5091795, at *3 (holding that defendant had transacted business in Georgia where internet transactions were traced directly to Georgia). Because nothing in the record establishes a relationship between the revenue and Georgia, it cannot form the basis for personal jurisdiction under prong one.

Given that Defendant's TikToks and Google review did not constitute a purposeful act or consummation of a transaction in Georgia, the Court holds that

no arguable basis existed for personal jurisdiction under prong one when the Court entered default judgment. Accordingly, the Court now considers whether an arguable basis for personal jurisdiction existed under prong two.

### 2. Plaintiffs have not alleged facts sufficient to create an arguable basis that Defendant committed a tort other than a cause of action arising from defamation of character.

To satisfy prong two of Georgia's long-arm statute, Plaintiffs must allege sufficient facts to create an arguable basis that Defendant "commit[ted] a tortious act or omission within [Georgia], except as to a cause of action for defamation of character arising from the act." O.C.G.A. § 9-10-91(2). Here, Plaintiffs allege that "Defendant is subject to personal jurisdiction in this Court because [she] committed tortious acts" in Georgia. [Dkt. 1, at ¶ 13]. However, Plaintiffs have not created an arguable basis for personal jurisdiction under prong two because Plaintiffs' claims all arise from defamation of character.

"The language of [prong two] is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." Worthy v. Eller, 265 Ga. App. 487, 488 (2004). Thus, prong two "functions to prohibit the court from exercising jurisdiction over nonresident defendants whose only contacts with Georgia are the allegedly defamatory acts." Genesis Press, Inc. v. Parker Publ'g

Co., LLC, 2007 WL 9702857, at *4 (N.D. Ga. July 5, 2007) (citing Bradlee Mgmt. Servs., Inc. v. Cassells, 249 Ga. 614, 617 (1982)).

Here, the Court entered default judgment pursuant to three of Plaintiffs' claims: defamation, defamation per se, and tortious interference with business relations. [Dkt. 30]. While defamation and defamation per se clearly fall within prong two's exception, Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 674 n.1 (2005), tortious interference with business relations may be predicated on facts other than defamation. See Kids R Kids Int'l, Inc. v. Progressive Child Care Sys., 2006 WL 463177, at *3 (N.D. Ga. Feb. 24, 2006). But here, Plaintiffs' tortious interference claim is based solely on the same conduct giving rise to their defamation claims: false statements espoused in Defendant's TikToks and Google review. [See Dkt. 1, at ¶ 102 ("Defendant intentionally and/or purposefully interfered with Plaintiffs' existing and prospective relationship by unlawfully making the False Statements.")]. Therefore, Plaintiffs' tortious interference with business relations claim constitutes "an action predicated on defamation." Worthy, 265 Ga. App. at 488; see James Whiten Livestock, Inc. v. W. Iowa Farms, Co., 750 F. Supp. 529 (N.D. Ga. 1990) (holding that personal jurisdiction was inappropriate under prong two where the "act [was] tortious only because [it was] defamatory").

Because each claim arises from Defendant's defamatory conduct, and defamatory conduct is exempted as a basis to establish jurisdiction under prong two, Plaintiffs have failed to establish an arguable basis for personal jurisdiction under prong two. Accordingly, the Court now turns to whether Plaintiffs have alleged sufficient facts to create an arguable basis for personal jurisdiction under prong three.

**3. Plaintiffs have not alleged facts sufficient to create an arguable basis that Defendant regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from Georgia.**

To satisfy prong three of Georgia's long-arm statute, Plaintiffs must allege sufficient facts to create an arguable basis that "(1) Defendant[] 'commit[ted] a tortious injury in [Georgia]' and (2) Defendant[] 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from [Georgia].'" HD Supply Constr. Supply, Ltd. v. Mowers, 2020 WL 5774786, at *9 (N.D. Ga. Sep. 28, 2020) (quoting O.C.G.A. § 9-10-91(3)). Here, Plaintiffs allege that Defendant posted a Google review and series of TikToks defaming Ms. Abbott and River Laurel—two Georgia citizens. [See generally Dkt. 1]. Although these allegations show that Defendant caused a tortious injury in Georgia, they do not create an arguable basis that Defendant engaged in a persistent course of conduct in Georgia or derived substantial revenue

from Georgia. Thus, Plaintiffs have not created an arguable basis for personal jurisdiction under prong three.

**a. Defendant committed a tortious injury in Georgia by defaming two Georgia citizens.**

First, prong three requires that Defendant "commit[ted] a tortious injury" in Georgia. O.C.G.A. § 9-10-91(3). Here, Plaintiffs allege that Defendant defamed both Ms. Abbott and River Laurel. [Dkt. 1, at ¶¶ 73–97]. Under Georgia law, "the place of injury in multi-state defamation cases is where the plaintiff is domiciled." Donald J. Trump for President, Inc. v. CNN Broad., Inc., 500 F. Supp. 3d 1349, 1354 (N.D. Ga. 2020) (citations omitted). Given that Plaintiffs are both domiciled in Georgia, [Dkt. 1, at ¶¶ 6–7], Defendant committed a tortious injury in Georgia by defaming Plaintiffs. Accordingly, Plaintiffs satisfy prong three's first requirement.

**b. Plaintiffs have not alleged sufficient facts to create an arguable basis that (1) Defendant's TikToks and Google review constitute a persistent course of conduct in Georgia; or (2) Defendant derived substantial revenue from Georgia.**

Second, prong three requires that Defendant either (1) "regularly does or solicits business, or engages in any other persistent course of conduct[;] or" (2) "derives substantial revenue from goods used or consumed or services rendered in [Georgia]." O.C.G.A. § 9-10-91(3).

Initially, the Court considers whether Plaintiffs have alleged facts sufficient to create an arguable basis that Defendant "regularly does or solicits business, or engages in any other persistent course of conduct" in Georgia. Id. "Georgia case law regarding what constitutes a 'persistent course of conduct' is relatively thin." Doherty-Heinze v. Chrisley, 2022 WL 18938046, at *6 (N.D. Ga. July 18, 2022). This Court has previously defined a "'persistent course of conduct' as a constantly—and perhaps tenaciously—repeated or continued series of acts indicating a continuity of purpose." Id.; see Jones v. Pulte, 2024 WL 2729713, at *5 (N.D. Ga. Mar. 27, 2024) (employing this definition). Generally, "episodic and isolated" conduct does not constitute "regular business or a persistent course of conduct." Sprint Nextel Corp. v. Ace Wholesale, Inc., 2014 WL 688134, at *7 (N.D. Ga. Feb. 21, 2014).

Here, Plaintiffs have not alleged that Defendant engages in any "regular" or "persistent" conduct *in Georgia*. Rather, Plaintiffs have merely alleged that Defendant posted (1) several TikTok videos between June 27, 2025, and July 3, 2025; and (2) a Google review around the same time. Where a plaintiff attempts to exercise long-arm jurisdiction over a defendant based on out-of-state electronic communications, courts find that the defendant's conduct occurs at the place where the defendant uses their device to communicate. See Huggins v. Boyd, 304 Ga.

App. 563, 565 (2010) ("The conduct giving rise to the offense . . . occurred at the physical place where [defendant] typed in and sent his e-mails. . . . Therefore, [defendant] 'did not engage in any conduct, persistent or otherwise, in Georgia,' when he sent the e-mails from out of state." (quoting Anderson v. Deas, 279 Ga. App. 892, 893–94 (2006))); LABMD, Inc. v. Tiversa, Inc., 509 F. App'x 842, 844 (11th Cir. 2013) ("The conduct giving rise to [d]efendants' alleged offense occurred where [defendants] used [their] computers . . . ."); Jordan Outdoor Enters., Ltd. v. That 70's Store, LLC, 819 F. Supp. 2d 1338, 1345 (M.D. Ga. 2011) ("The Court finds that [d]efendants' alleged tortious conduct occurred in Arkansas, where [d]efendants created the websites . . . ."). The Court sees no reason to distinguish social media posts—such as Defendant's TikTok videos—or Google reviews from sending emails or creating websites, as both use the internet as a conduit for interstate communication. Therefore, the relevant conduct occurred in Florida, where Defendant posted her TikToks.

Given Plaintiffs have not alleged any conduct aside from posting TikToks and a Google review, the Court holds that Plaintiffs have not created an arguable basis that Defendant engaged in any persistent course of conduct in Georgia. [6]

[6] Again, the Court highlights that defamation occurs "not where the allegedly defamatory statement was issued but rather where [the plaintiff] was injured, that is, its domicile." Donald J. Trump for President, Inc. v. CNN Broad., Inc., 500 F.

Alternatively, the Court considers whether Plaintiffs have alleged sufficient facts to create an arguable basis that Defendant "derives substantial revenue from goods used or consumed or services rendered in [Georgia]." O.C.G.A. § 9-10-91(3). Here, Plaintiffs have alleged that Defendant derived at least $1,280 in revenue from her TikTok videos. [Dkt. 1, at ¶ 60]. However, as discussed earlier, Plaintiffs have failed to allege facts suggesting that Defendant's TikTok revenue was derived *from Georgia*. Accordingly, Plaintiffs have failed to satisfy their burden under prong three of Georgia's long-arm statute.

Thus, Plaintiffs have failed to allege facts sufficient to create an arguable basis for personal jurisdiction under Georgia's long-arm statute. Consequently, the Court cannot exercise personal jurisdiction over Defendant. LABMD, Inc. v. Tiversa, Inc., 509 F. App'x 842, 846–47 (11th Cir. 2013) ("[Plaintiff] failed to demonstrate personal jurisdiction under Georgia's long-arm statute. We need not decide anything else in the case."). Because a "total want of jurisdiction" existed at

---

Supp. 3d 1349, 1354 (N.D. Ga. 2020). However, Georgia's long-arm statute prevents a plaintiff from "exercising jurisdiction over nonresident defendants whose only contacts with Georgia are the allegedly defamatory acts." Genesis Press, Inc. v. Parker Publ'g Co., LLC, 2007 WL 9702857, at *4 (N.D. Ga. July 5, 2007) (citing Bradlee Mgmt. Servs., Inc. v. Cassells, 249 Ga. 614, 617 (1982)). Thus, the Court does not consider Defendant's defamatory conduct alone to constitute a persistent course of conduct in Georgia.

the time the Court entered default judgment, the Court **GRANTS** Defendant's Motion to Set Aside Default Judgment [Dkt. 31].

Given that Plaintiffs have failed to allege additional facts supporting jurisdiction between the Court's entry of default judgment and now, the Court concludes that it may not exercise personal jurisdiction over Defendant. "Inasmuch as [a] complaint [is] insufficient as a matter of law to establish a prima facie case that the district court ha[s] jurisdiction, the district court abuse[s] its discretion in allowing the case to proceed . . . ." Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009) (citations omitted). Consequently, Plaintiffs' Complaint [Dkt. 1] is **DISMISSED without prejudice**.

## CONCLUSION

Defendant's Motion to Set Aside Default Judgment [Dkt. 31] is **GRANTED**. Accordingly, the Court **DIRECTS** the Clerk to **SET ASIDE** Default Judgment in favor of Plaintiffs [Dkt. 30]. Further, Plaintiffs' Complaint [Dkt. 1] is **DISMISSED without prejudice**.

**SO ORDERED** this 24th day of September, 2025.

**RICHARD W. STORY**
United States District Judge